UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOMEVESTORS OF AMERICA, INC.,

       *Plaintiff*,

v.

TROY TOLIVER,

       *Defendant.*

No. 20-cv-3496 (DLF)

## MEMORANDUM OPINION & ORDER

Plaintiff HomeVestors of America, Inc. brought this action against defendant Troy Toliver on December 1, 2020, alleging trademark infringement under sections 32(1)(a) and 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A). Compl., Dkt. 1. The defendant did not appear in the action, and the Court entered a default judgment and permanent injunction against him on December 20, 2021. Default J. & Perm. Inj., Dkt. 21. The Court's final judgment found that Toliver willfully infringed HomeVestors's registered trademarks, including variations of "We Buy Ugly Houses" and similar phrases. *See id.* at 1–5. The Court then enjoined the defendant from using HomeVestors's marks and ordered him "immediately and permanently to remove" any of the marks from his "websites, . . . print advertisements, and anywhere else in connection with [his] business," and to, within 30 days, "file with the Court, and serve upon Plaintiff, . . . a report in writing and under oath, setting forth in detail the manner and form in which [he] has complied" with the default judgment. *Id.* at 6.

On August 18, 2022, HomeVestors moved for, and the Court entered, an order directing the defendant to show cause why he should not be held in civil contempt. *See* Motion, Dkt. 22; Minute Order of August 18, 2022. Toliver then appeared in this action for the first time, filing an

"Answer," which the Court construed as a response to the Court's order. Answer, Dkt. 23; *see* Minute Order of September 26, 2022. Since then, the Court has now provided Toliver with multiple opportunities to show cause and to comply with the Court's judgment, and Toliver has continually filed noncompliant and evasive responses.

Before the Court are two pending matters. First, because Toliver is pro se, the Court will liberally construe his suggestion that he was not properly served with the complaint and summons in this case as a motion for relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The Court will deny that motion. Second, the Court will grant Homevestors's motion to hold Toliver in contempt, Dkt. 22. Despite ample opportunity to rectify his conduct and to provide information to the Court, Toliver has failed to do so. Accordingly, the Court will find Toliver in contempt and order sanctions.

## I.    Motion for Relief from Judgment

As a threshold matter, the Court will liberally construe the defendant's statement that he was "never . . . served correctly for [the] original case (i.e[.] served to a housemate at 626 Milwaukee Pl SE?)," Def.'s Response to Order of the Court at 2, Dkt. 27, as a motion for relief from judgment under Rule 60(b)(4), which permits a court to provide relief if "the judgment is void." Fed. R. Civ. P. 60(b)(4).[1] Under this rule, "relief is available 'only in the rare instance

---

[1] Rule 60(c)(1) of the Federal Rules of Civil Procedure states that a "motion under Rule 60(b) must be made within a reasonable time." Toliver did not raise this issue until October 31, 2022, over 18 months after the Clerk's Entry of Default, Dkt. 12, and over ten months after entry of the default judgment. He also did not raise this issue in his "Answer," which was his first filing with the Court after HomeVestors's Order to Show Cause, but rather in a subsequent filing. However, HomeVestors does not pursue a timeliness argument here, noting binding precedent that "Rule 60(b)(4) motions are not governed by a reasonable time restriction," *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013); *see* Pl.'s Memorandum on Service at 6 n.1, Dkt. 29. Accordingly, the Court will not consider Toliver's delay in raising this issue in its Rule 60(b)(4) analysis.

where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Niskey v. Wolf*, Nos. 13-cv-1269, 18-cv-3044, 2020 WL 8366838, at *2 (D.D.C. Dec. 10, 2020) (quoting *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016)). "When the requirements for effective service have not been satisfied, 'it is uniformly held that a judgment is void' because without effective service of process, the court does not have jurisdiction to adjudicate the rights of a party." *CUMIS Ins. Soc'y, Inc. v. Clark*, No. 05-cv-1277, 2019 WL 5892209, at *1 (D.D.C. Nov. 12, 2019) (quoting *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987)). "The party seeking relief from judgment bears the burden of proof." *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 83 (D.D.C. 2009).

Here, HomeVestors filed an affidavit of service dated February 19, 2021 containing a process server's sworn statement reporting service on February 17, 2021 at 626 Milwaukee Place, SE, Washington, DC 20032, on "Sara Henry, housemate of Troy Toliver[,] a person of suitable age and discretion, who stated that he/she resides therein with Troy Toliver." Affidavit of Service at 1, Dkt. 9; *see* Fed. R. Civ. P. 4(e)(2)(B). HomeVestors also filed a supplemental affidavit from the same process server, dated December 15, 2022, stating that the server approached Henry, who at first "denied knowing" Toliver but then "admitted to knowing [him]," "accepted the documents," "furnished [the server] with her name," and "stated [that] she would give the papers to" the defendant. Supplemental Affidavit of Service at 1, Dkt. 29-2. After Toliver denied that he was served with the complaint, the Court held a status conference on December 8, 2022. The

---

Additionally, Toliver also mentioned in the hearing that he filed a response with the Court "in 2021." Transcript at 16, Dkt. 33. As the court docket reflects, however, Toliver's first filing was in September 2022. Toliver may have intended to refer to a communication directly with the plaintiff. Regardless, his statement appears to be incorrect.

Court directed Toliver to file a sworn affidavit "stating all of his addresses from January 1, 2021 to the present, including multiple addresses where applicable, for any time during that period." Minute Order of December 8, 2022. Toliver did not do so. Rather, he filed a submission that avoided directly listing, under oath, all of his addresses, and instead provided the Court with four different lease agreements, none of which covered the February 17, 2021 date of service. *See* Dkt. 30-1 Ex. A (non-countersigned lease for Jan. 1, 2020 – Dec. 31, 2020); *id.* Ex. B (lease for Apr. 15, 2021 – Apr. 14, 2022); *id.* Ex. C (lease for Feb. 15, 2022 – Feb. 14, 2023); *id.* Ex. D (lease for May 1, 2022 – May 31, 2023).

Because Toliver's evidence does not contradict the affidavits of the process server, the Court finds that Toliver has not met his burden of showing that service was ineffective and thus that the judgment was void. Toliver's objection to service, liberally construed as a motion for relief from judgment, will be denied without prejudice.

## II.     Civil Contempt

The Court next considers HomeVestors's contention that Toliver has continued to violate the terms of this Court's default judgment and permanent injunction, as well as this Court's subsequent orders. For the reasons that follow, the Court concludes that HomeVestors's position is well-supported.

"Civil contempt is a remedial device that a court can utilize to achieve full compliance with its orders." *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 38 (D.D.C. 2010) (citing *SEC v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995)). "'[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt,' and may do so when a party 'has violated an order that is clear and unambiguous,' and the violation is proved by 'clear and convincing evidence.'" *Walters*

*v. People's Republic of China*, 72 F. Supp. 3d 8, 10 (D.D.C. 2014) (quoting *Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993)). To establish civil contempt, a movant must show three elements by clear and convincing evidence: "(1) there was a court order in place; (2) the order required certain conduct by the defendant; and (3) the defendant failed to comply with that order." *Int'l Painters*, 736 F. Supp. 2d at 38. "The sole purpose of civil contempt sanctions is to 'coerce compliance or compensate a complainant for losses sustained,' not to punish." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 750 F. Supp. 2d 31, 34 (D.D.C. 2010) (quoting *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009)). The sanctions available for a finding of "civil contempt include[] compensatory and coercive fines, as well as imprisonment." *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 36 (D.D.C. 2014). Courts may also award attorney's fees and expenses in conjunction with a civil contempt proceeding. *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 70, 86 (D.D.C. 2003) ("It is well-established that courts may award attorneys' fees and expenses in conjunction with a civil contempt proceeding." (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967))). "[E]very civil contemnor who asserts a genuine issue of material fact is entitled to a full, impartial hearing." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFLCIO-CLC*, 103 F.3d 1007, 1019 (D.C. Cir. 1997) (quoting *WMATA v. Amalgamated Transit Union, Nat. Cap. Loc. Div. 689*, 531 F.2d 617, 620 (D.C. Cir. 1976)).

This Court's December 20, 2021 default judgment and permanent injunction ordered Toliver to remove HomeVestors's marks from "anywhere . . . in connection with [Toliver's] business" and to "file with the Court . . . within thirty (30) days . . . a report in writing and under oath, setting forth in detail the manner and form in which [Toliver] has complied with the terms"

of the default judgment.  Default J. and Perm. Inj. at 6.[2]  Toliver did not file any such document with the Court, and on August 18, 2022, HomeVestors filed a motion for order to show cause why the defendant should not be held in civil contempt, asserting that Toliver continued to infringe on its marks on several websites.  *See* Mem. in Support of Pl.'s Motion to Show Cause at 1, 5–6, Dkt. 22-1.  HomeVestors requested compensatory sanctions in the form of attorney's fees and costs, *id.* at 8–9, and coercive sanctions in the form of a $100 per day fine, *id.* at 7–8.  Toliver then appeared for the first time and filed an "Answer," stating that he did "not own any of the sites in question in the complaint to his knowledge"[3] and that "[a]ll items in question of the alleged court violation have been removed by the [sic] third party."  Answer at 2.  The only other substantive response in the "Answer" was a request for HomeVestors to "show proof of ownership" by the defendant of the allegedly infringing websites.  *Id.* at 6.  HomeVestors responded by noting that the infringing content had been taken down on the websites listed in its motion, but that infringing content remained on several other websites.  *See* Pl.'s Reply in Support of Its Motion to Show Cause at 3–4, Dkt. 24.

Initially, the Court did not hold Toliver in contempt even though it appeared to the Court that Toliver had control over the content posted to these websites—given the asserted "remov[al]" of infringing content just after HomeVestors's motion with the Court—and that Toliver still had

---

[2] In the Court's hearing held on December 8, 2022, Toliver briefly disputed that he was served with the final judgment.  However, the plaintiff had, among other modes of service, sent the judgment via certified mail, return receipt requested, on December 21, 2021, to an address that Toliver admits having lived at since at least May 12, 2021.  *See* Transcript at 14–15; Dkt. 22-2 at 2.  There being no probative evidence to the contrary, the Court concludes that Toliver was served with the final judgment in December 2021.  In any event, the Court has now made Toliver aware of the final judgment and permanent injunction on multiple occasions, including at the Court's hearing.

[3] The "Answer" avoided stating whether Toliver controlled the websites enumerated in HomeVestors's motion for order to show cause.

6

not complied with the injunction to file a report in writing and under oath. Instead, the Court provided Toliver with an additional opportunity to "file a written report, under oath, that (1) identifies the defendant's relationship, if any, to all websites identified in HomeVestors's [22] Motion and [24] Reply, (2) identifies all websites that the defendant controls, owns, and/or utilizes to market real estate services; (3) identifies all websites controlled, owned, and/or utilized by the defendant from which HomeVestors marks have been removed since December 20, 2021; and (4) details all actions the defendant has taken to remove HomeVestors's marks from his websites, print advertisements, and anywhere else in connection with his business." Minute Order of September 28, 2022.

Toliver then filed a response—initially unsworn on October 14, 2022, Dkt. 25, but then, at the Court's insistence, under oath on October 31, 2022, Sworn Response, Dkt. 27—stating that he owned or controlled certain websites raised by HomeVestors in its motion as well as other real estate websites. Sworn Response at 1. Those websites included https://www.owebacktaxesproperty.com, a website that was included in HomeVestors's complaint. Compl. Ex. B at 2, Dkt. 1-2, even though Toliver had previously denied in his "Answer" owning any websites mentioned in the complaint, Answer at 2. In his sworn response, Toliver also suggested, without citing any evidence, that HomeVestors was "creat[ing] unlimited profiles" on public websites and falsely accusing him of operating these profiles in order for HomeVestors "to benefit from the Court Order." Sworn Response at 2. This response did not, as the Court ordered, "detail[] *all* actions the defendant has taken" to correct infringement, Minute Order of September 28, 2022 (emphasis added), but instead responded in a barebones fashion to other portions of the Court's order. HomeVestors replied, citing infringing content still posted, at a minimum, on https://www.owebacktaxesproperty.com, which Toliver had admitted under oath

to controlling. Reply at 5, Dkt. 26; *see also* Lowenberg Decl., Dkt. 22-3 (sworn declaration listing this and other websites with infringing content).

Although there appeared to be no genuine dispute that Toliver continued to post infringing content and failed to fully comply with the Court's orders, the Court again declined to hold him in contempt, and instead held a hearing on December 8, 2022. At the hearing, Toliver principally contested whether he was properly served. When the Court asked Toliver about his alleged infringement, he responded that nothing was "stopping the plaintiff from creating different websites on [these] public forums and just keeping this case going on." Transcript at 19, Dkt. 33; *see also id.* at 21 (suggesting the use of "photo shop"). In its December 8, 2022 order, the Court again ordered Toliver, for a third time, to state "*all actions the defendant has taken* to remove HomeVestors's marks from his websites, print advertisements, and anywhere else in connection with his business." Minute Order of December 8, 2022 (emphasis in original). Toliver filed a response that was nearly identical to his October filings, again omitting any attempt at a full account of his actions in remedying infringement.[4] Def.'s Second Sworn Response, Dkt. 31.

Considering the proceedings and Toliver's filings to date, there is clear and convincing evidence that Toliver has repeatedly and willfully violated the clear terms of the Court's permanent injunction and subsequent orders. First, Toliver has infringed on HomeVestors's marks, and such infringement is ongoing. As noted above, HomeVestors has proven this via sworn affidavits that list websites containing infringing content, including on websites Toliver has admitted under oath to controlling. As further evidence of Toliver's repeated infringement, some, but not all, of this infringing content has been removed several times shortly after HomeVestors has flagged

---

[4] Toliver also did not fully comply with the Court's directive to list all of his addresses, *see supra* Part I.

instances of infringement to the Court. Second, Toliver has unambiguously refused to comply with the Court's repeated directive, in three separate orders, to detail in writing and under oath all actions taken to remove infringing content. It is clear to the Court that Toliver is deliberately refusing to provide a forthright account under oath of his role in removing the infringing content.

For these two reasons, and given the totality of the circumstances of Toliver's evasive responses to the Court's orders aimed at evaluating the merits of HomeVestors's contempt motion and at enforcing its permanent injunction, the Court will find Toliver in contempt. Although the Court has granted Toliver substantial leeway as a pro se litigant, he has shown a pattern of disregard for the Court's directions, and he continues to violate the Court's orders.

Sanctions will now follow. HomeVestors asks for (1) attorney's fees to compensate it for its efforts to compel compliance with the Court's final judgment and permanent injunction, as well as (2) daily fines until Toliver complies with the Court's orders. The Court concludes that HomeVestors is well within its rights to obtain that relief. "[A] court may order a civil contemnor to compensate the injured party for losses caused by the violation of the court order, and such an award will often consist of reasonable costs (including attorneys' fees) incurred in bringing the civil contempt proceeding." *Landmark Legal Found.*, 272 F. Supp. 2d at 76. A coercive fine of $100 per day is also reasonably tailored to bring about Toliver's compliance. Further, considering Toliver's consistent pattern of evasiveness, the Court admonishes him that **the amount in daily fines will increase substantially** should he continue not to comply with the Court's orders. The fines will continue to accrue until such date as he shows proof of compliance, namely, by removing all infringing content and filing the previously ordered statement, in writing and under oath, with the Court. Toliver is further admonished that he—not HomeVestors—is responsible for finding and removing all instances of infringement of HomeVestors's marks on his websites, print

9

advertisements, and anything else connected to his business. The Court also is likely to award attorney's fees costs for any additional work done by HomeVestors should it be required to return to the Court to ask for relief due to continued violations.

\* \* \*

**ACCORDINGLY**, it is hereby **ORDERED AND ADJUDGED** that:

1. The defendant's objection to service, liberally construed as a motion for relief from judgment, is **DENIED WITHOUT PREJUDICE**.

2. The defendant Troy Toliver is hereby **ADJUDGED IN CIVIL CONTEMPT** for failing to comply with the Court's December 20, 2021 Default Judgment and Permanent Injunction, Dkt. 21, and its subsequent orders.

3. A daily fine, in the amount of $100 per day, will be imposed against the defendant, payable to the U.S. Treasury, beginning on and including the day on which the U.S. Marshal effects service of this Memorandum Opinion & Order on the defendant. The fines will continue to accrue until such date as the Court determines that the defendant is in compliance with the terms of the Court's default judgment and permanent injunction—specifically, that the defendant (1) has permanently removed all infringing content from the defendant's websites, print advertisements, and anywhere else in connection with his business; and (2) filed a report, in writing and under oath, setting forth in detail the manner and form in which the defendant has taken steps to remove all infringing content from the defendant's websites, print advertisements, and anywhere else in connection with his business—with referral to the United States Department of Justice for collection.

4. The defendant is required to pay the attorney's fees and costs incurred by the plaintiff

for all reasonable work done to pursue enforcement of the Court's judgment and orders, including, but not limited to, preparing its Motion for Order to Show Cause, Dkt. 22; Reply, Dkt. 24; Reply, Dkt. 26; Status Report, Dkt. 28; Memorandum, Dkt. 29; Response, Dkt. 32; and Notice, Dkt. 34.

The U.S. Marshal is directed to serve the defendant, Troy Toliver, with a copy of this Memorandum Opinion & Order, at one of his addresses of record: 1151 4th St. SW, #PH18, Washington, DC 20024; and 1750 N Bayshore Dr. #2012, Miami, FL 33132.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
January 13, 2023                                          United States District Judge